ams

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


NATHANIEL W. ELLIBEE,        )
                                    )
                Plaintiff,      )
                                    )
    vs.                    )        Case No. 03-3463-JAR
                                    )
AUTUMN FOX,             )
                                    )
                Defendant.    )
                                    )


**MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS
AND MOTION FOR MORE DEFINITE STATEMENT**

This matter is before the Court on Defendant Fox's Motion to Dismiss Pursuant to Rule

12(b)(6) (Doc. 25) and Motion for More Definite Statement (Doc. 27).   Plaintiff has responded to

both motions and the Court is now prepared to rule.  Because the Court finds that the statute of

limitations in this case was tolled while plaintiff pursued an interlocutory appeal, the Court denies

defendant's motion to dismiss.  The Court further denies defendant's motion for more definite

statement, as the complaint complies with the notice pleading requirements set forth in the Federal Rules

of Civil Procedure.

**I.  Procedural Background**

Plaintiff filed this action on December 5, 2003, alleging federal and state claims against this

defendant, in addition to defendants John H. Taylor and Judge Benjamin J. Sexton.  In the complaint,

plaintiff alleged that the defendants conspired against him by interfering in his state habeas corpus

petition and appeal, causing procedural default of his claims in the state courts.  Specifically, plaintiff

complained that Fox conspired to violate plaintiff's constitutional rights, and that she committed

negligence during her past representation of plaintiff.

Because this plaintiff is a prisoner filing pro se, the Court[1] employed 28 U.S.C. § 1915A, and

reviewed the complaint before allowing service of summons to be issued.  Under that statute, "the court

shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint

. . . fails to state a claim upon which relief may be granted."[2]  On March 5, 2004, the Court dismissed

plaintiff's claims against all defendants.  (Doc. 4.)  With respect to defendant Fox, the Court found that

plaintiff failed to state a federal claim under 42 U.S.C. section 1983 because she was not acting under

color of law when she represented  him.  The Court also found that it did not have subject matter

jurisdiction over any remaining state law claims against defendant Fox because plaintiff and Fox were

both citizens of Kansas, destroying complete diversity of the parties.  It also found that plaintiff failed to

allege damages in excess of $75,000, as required for diversity jurisdiction to apply.[3]

Plaintiff filed a motion for reconsideration and also filed a notice of appeal to the Tenth Circuit

Court of Appeals, which was abated pending a decision by the Court on the motion for

reconsideration.  On June 17, 2004, the Court entered an order on plaintiff's motion to reconsider the

order of dismissal.  Upon reconsideration, the Court found that plaintiff sufficiently alleged Idaho

citizenship, thus providing a basis for diversity jurisdiction against defendant Fox.  Therefore, plaintiff's

---

[1] The case was initially reviewed by Judge G. Thomas Van Bebber.  On September 9, 2004 the case was reassigned to the undersigned for all further proceedings.

[2] 28 U.S.C. § 1915A(b)(1).

[3] 28 U.S.C. § 1332(a).

claims against Fox for damages due to negligence were reinstated.  The Court stated further:

> The court will order the preparation and service of waiver of service of
> summons forms to this sole remaining defendant, but stays doing so for
> thirty days to allow plaintiff to clarify the status of his pending appeal.
> Unless plaintiff's appeal is resolved or withdrawn earlier, the court will
> then determine whether it is appropriate to direct the clerk's office to
> issue service of waiver of summons forms for service by the United
> States Marshal Service.

(Doc. 15, at 4.)   The Tenth Circuit ruled on plaintiff's interlocutory appeal on August 6, 2004, finding

that it lacked jurisdiction over the appeal because there had been no final judgment against all of the

parties.  On September 9, 2004, the Court ordered the clerk's office to prepare a waiver of service of

summons form for Fox to be served by a United States Marshal or Deputy Marshal.  (Doc. 22.)  Fox

received the waiver of service form on October 26, 2004.

## II.  Analysis

### A.  Rule 12(b)(6) Standard

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the

sufficiency of the complaint and should not be granted "unless it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief."[4]  When deciding a

motion to dismiss, the Court "must accept as true the plaintiff's well-pleaded factual allegations and all

reasonable inferences must be indulged in favor of the plaintiff."[5]  Furthermore, the Court must construe

---

[4] *Callery v. U.S. Life Ins. Co.*, 392 F.3d 401, 404 (10th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Martinez v. Roth*, 53 F.3d 342, 342 (10th Cir. 1995), *cert. denied*, 516 U.S. 1012 (1995).

[5] *Martinez*, 53 F.3d at 342 (quoting *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987)).

pro se pleadings liberally and apply a less stringent standard than what is applicable to attorneys.[6]

However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint

or construct a legal theory on a plaintiff's behalf."[7]  The Court need only accept as true plaintiff's "well-

pleaded factual contentions, not his conclusory allegations."[8]

### B.  Statute of Limitations

The only issue Fox raises in her motion to dismiss is whether plaintiff's claim against her was

made within the applicable statute of limitations period.  Fox maintains that since the remaining claims

against her are solely Kansas state law claims, the Kansas statute of limitations and rule defining

"commencement" of a claim also apply.  Because the date that Fox received service of process marks

the commencement of this case, Fox argues the two-year statute of limitations bars plaintiff's remaining

claims against her.  Plaintiff responds that the timing of service of process in this case was necessarily

outside of his control, as he was dependent on the Court to order service by the United States Marshal

Service. Construing plaintiff's response liberally, he argues that the statute of limitations was tolled

pending his interlocutory appeal of the dismissal order to the Tenth Circuit.

The remaining claims in this case against Fox arise under diversity jurisdiction, alleging Kansas

common law negligence surrounding Fox's prior representation of plaintiff.  Therefore, substantive

issues are controlled by state law, while procedural issues are governed by federal law.[9]  Because this

---

[6]  *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[7]  *Id.*

[8]  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9]  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

court sits in diversity, it applies the applicable state statute of limitations, as well as state law to

determine when an action is "commenced" under the statute of limitations.[10]

Plaintiff alleges a negligence action against Fox based on malpractice committed during her

prior representation of plaintiff.  Under Kansas law, there is a two-year statute of limitations for such

tort actions.[11]  Plaintiff does not disagree that a two-year statute of limitations is applicable to his

remaining state law claims against Fox.

Under Kansas law, the date upon which a case is "commenced" is determined as follows:

> (a) A civil action is commenced at the time of: (1) Filing a petition with the clerk of the
> court, if service of process is obtained or the first publication is made for service by
> publication within 90 days after the petition is filed, except that the court may extend
> that time an additional 30 days upon a showing of good cause by the plaintiff; or (2)
> service of process or first publication, if service of process or first publication is not
> made within the time specified by provision (1).[12]

Plaintiff filed his original complaint on December 5, 2003.  Under the Kansas statute, as long as he

served Fox with process by March 5, 2004, the date of commencement would have related back to

December 5, 2003.  Here, Fox was not served before March 5, 2004, so the later date provided in

K.S.A. 60-203(a)(2) applies.  Fox received the waiver of service summons form on October 26,

2004; therefore, this case was "commenced" against Fox on October 26, 2004.  According to the

factual allegations in the complaint, Fox withdrew her representation of plaintiff on July 26, 2002; which

---

[10]  *Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 712 (10th Cir. 2005) (citing *Guaranty Trust Co. of New York v. New York*, 326 U.S. 99, 109-110 (1945); *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751 (1980)); *Gray v. Phillips Petroleum Co.*, 998 F. Supp. 1221, 1223 (D. Kan. 1998).

[11]  K.S.A. 60-513(a) (1994).

[12]  K.S.A. 60-203(a) (1994).

is also the date of a hearing during which the majority of plaintiff's factual allegations against Fox

occurred.  This marks the latest date on which the statute of limitations began to run.  Consequently,

under a two-year statute of limitations, plaintiff had until July 26, 2004 to commence any tort action

against Fox.  The Court finds that plaintiff's case against Fox was "commenced" under Kansas law

when Fox received service on October 26, 2004, 66 days outside the applicable two-year statute of

limitations.

Plaintiff's case against Fox, is therefore barred unless he is able to establish a factual basis for

tolling the statute of limitations.[13]  The plaintiff bears the burden of establishing such a factual basis.[14]

Here, plaintiff argues that he was beholden to the Court, under the screening process in place for

prisoner cases, to effect service on Fox and therefore, he should not be held accountable for the delay.

The Court agrees.

Under Kansas law, a statute of limitations may be tolled in a tort case under the following

circumstances: (1) when a defendant is out of the state;[15] (2) when a defendant is legally disabled;[16] (3)

when a suit is stayed by an injunction;[17] or (4) when "unique circumstances are present."[18]  Among

---

[13] *Gray*, 998 F. Supp. at 1223 (citing *Tiberi v. CIGNA Corp.*, 89 F.3d 1423, 1428 (10th Cir. 1996)).

[14] *Id.*

[15] K.S.A. § 60-517 (1994).

[16] *Id.* § 60-515.

[17] *Id*. § 60-519.

[18] *Slayden v. Sixta*, 825 P.2d 119, 124 (Kan. 1992); *see Morris v. Morris*, 10 P.3d 771, 776 (Kan. Ct. App. 2000).

these, the only potential ground for tolling the statute of limitations in this case is the unique

circumstances doctrine, as defendant is neither absent from the state nor disabled, and no injunction

was entered in the case.

In *Slayden v. Sixta*, the Kansas Supreme Court found that the unique circumstances doctrine

tolled a two-year statute of limitations due to an error by the district court clerk when addressing the

summons.[19]  Due to the error, the court found under "the unique circumstances of this case that the 40-

day delay in serving summons caused by the clerk of the district court should not be charged to the

plaintiff."[20]  *Slayden* marked an expansion of the unique circumstances doctrine beyond its application

to untimely appeals.[21]  The court reasoned that because the clerk's office works for the court, the

plaintiff should not be charged with an error that delayed service of process.[22]  In much the same way,

the Court finds that the delay in service of process was a result of the Court's decision to delay serving

Fox with the waiver of service summons, and the plaintiff should not be charged with the delay.  Under

the screening process, prisoners rely on the district courts to direct the clerk's offices to issue service of

summons.  In this case, the screening process pursuant to 28 U.S.C. § 1915A was completed on

September 9, 2004.  On that day, the Court ordered: "that the screening process under 28 U.S.C.

1915A having been complete, this matter is returned to the clerk of the court for random reassignment

pursuant to D. Kan. R. 40.1."  (Doc. 22, at 2.)  Therefore, it was the screening required by statute that

---

[19]  *Slayden*, 825 P.2d at 124-25.

[20]  *Id.* at 125.

[21]  *Id.* at 124 (construing *Schroeder v. Urban*, 750 P.2d 405 (Kan. 1988)).

[22]  *Id.* at 124-25.

delayed the service of summons.  This was within the control of the Court and should not be charged to

plaintiff.

In its June 17, 2004 order, the Court stated that it would stay ordering the clerk's office to

effect service on Fox for thirty days, or sooner if plaintiff resolved or withdrew his interlocutory appeal

before then.  In the meantime, plaintiff was required by the Tenth Circuit to file a certified copy of a

district court order granting a certificate of appealability or adjudicating all remaining claims.  The Court

denied that request on July 27, 2004.  It is this series of events that appears to have confused the

situation.  Had the Court ordered the clerk's office to effect service within 30 days of the June 17

order, Fox would have probably been served prior to the statute of limitations expiring on July 26,

2004.  Instead, the Court waited for the Tenth Circuit to dismiss plaintiff's appeal before proceeding.

Again, this action was ordered by the Court and should not be charged to plaintiff.  The Court finds that

the unique circumstances of this case extended the statute of limitations by 277 days, which represents

the time between plaintiff filing the complaint and the completion of the screening process on September

9, 2004.  This period of time was delayed solely as a result of the screening process in place for claims

made by prisoners under 28 U.S.C. § 1915A and is not the result of lack of diligence on plaintiff's part.

Because the statute was tolled for this amount of time, Fox received waiver of service before the statute

of limitations expired.

## C. *Motion for More Definite Statement*

Fox also filed a Motion for More Definite Statement under Fed. R. Civ. P. 12(e), claiming that

she is unable to determine the specific allegations of negligence being asserted against her in plaintiff's

8

complaint.  A party may be entitled to a more definite statement, "[i]f a pleading to which a responsive

pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a

responsive pleading."[23]  Rule 12(e) motions are not favored by the courts and "are properly granted only

when a party is unable to determine the issues he must respond to."[24]  The Court may not grant a motion

under Rule 12(e) simply because a pleading lacks detail.[25]  Here, the Court finds that under the notice

pleading requirement of Fed. R. Civ. P. 8, the complaint sufficiently states the allegations against Fox.

The complaint states that Fox breached a duty of care to plaintiff when she was representing him in his

post-conviction relief request, causing him damage.  Therefore, the Court finds that Fox may reasonably

be required to respond to the allegations set forth in plaintiff's complaint and denies the motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Fox's Motion to

Dismiss (Doc. 25) is **DENIED**.

**IT IS FURTHER ORDERED BY THE COURT** that Defendant Fox's Motion for More

Definite Statement (Doc. 27) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 16th   day of May 2005.

 S/ Julie A. Robinson

Julie A. Robinson

---

[23]  Fed. R. Civ. P. 12(e).

[24]  *Resolution Trust Corp. v. Thomas* , 837 F. Supp. 354, 356-57 (D. Kan. 1993).

[25]  *Lowe v. Experian*, No. 03-2046-CM, 2004 WL 1004872, at *1 (D. Kan. Mar. 31, 2004).

United States District Judge