ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATHANIEL W. ELLIBEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 03-3463-JAR |
| ) | |
| AUTUMN FOX, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER DENYING PLAINTIFF'S MOTION TO REINSTATE FEDERAL CLAIMS

The Court now considers plaintiff's Motion to Reinstate Federal Claims against Defendants Fox, Sexton, and Taylor (Doc. 32). Defendant Fox responded, opposing the motion and plaintiff filed a reply. The Court denies the motion as an inappropriate vehicle to reargue an issue already addressed by the court.

On March 5, 2004, Judge Thomas Van Bebber entered an order pursuant to 28 U.S.C. § 1915A, dismissing all claims against the defendants in this case. Thereafter, plaintiff filed a motion to alter or amend judgment, which was denied as it applied to the claims against defendants Sexton and Taylor. However, the court granted plaintiff's motion to alter or amend the court's dismissal of state claims against defendant Fox.

Plaintiff now moves this Court to reinstate his federal claims against defendants Taylor, Fox and Sexton, stating: "There has been a showing that there was a mistake in the application of controlling law in the dismissal of the federal claims against defendant's [sic] Fox, Sexton, and Taylor." The Court construes plaintiff's motion as a motion to reconsider under Fed. R. Civ. P. 60(b), since over one year

has passed since the judgment he seeks to have reconsidered was entered.[1]  This Court may only grant relief under Rule 60(b) in extraordinary circumstances, requiring the plaintiff to satisfy one of the grounds set forth in that rule.[2]

Plaintiff's motion does not recite any of the exceptional circumstances listed in Fed. R. Civ. P. 60(b) and the Court is unable to find any such circumstance in the record.  Plaintiff merely reiterates in his motion the same arguments that he stated in his complaint, and in his initial motion for reconsideration; namely, that the court misapplied controlling law.  This is an inappropriate ground upon which to seek relief from either Judge Van Bebber's initial decision dismissing the federal claims, or from the denial of plaintiff's initial motion to alter or amend judgment.

> In essence, plaintiffs' motion reiterated the original issues raised in their complaint and sought to challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood their position.  Such arguments are properly brought under Rule 59(e) within ten days of the district court's judgment or on direct appeal but do not justify relief from the district court's judgment pursuant to Rule 60(b).[3]

Even if the Court were to liberally construe plaintiff's motion as stating that the district court

---

[1] *Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996); *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992).

[2] *Van Skiver*, 952 F.2d at 1243-44; Fed. R. Civ. P. 60(b).  These grounds include:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered ; . . . (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

[3] *Van Skiver*, 952 F.2d at 1244; *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("the basis for a second motion must not have been available at the time the first motion was filed.").

committed a "mistake," which is a ground listed in Rule 60(b)(1), it would be untimely because the motion was filed more than one year after the judgment was entered dismissing the federal claims against the defendants.[4]  Accordingly, plaintiff is not entitled to relief under Fed. R. Civ. P. 60(b).

**IT IS THEREFORE ORDERED THAT** plaintiff's Motion to Reinstate Federal Claims (Doc. 32) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 19th day of July 2005.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[4]  Fed. R. Civ. P. 60(b) ("The motion shall be made . . . for reason (1) . . . no more than one year after the judgment, order, or proceeding was entered or taken.").

*Order Denying Plaintiff's Motion to Reinstate Federal Claims*, case 04-3463-JAR