## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

NATHANIEL W. ELLIBEE,

        Plaintiff,

v.                                    Case No. 03-3463-JAR

AUTUMN L. FOX,

        Defendant.

## ORDER

This matter comes before the court upon plaintiff's motion for leave to file an amended complaint (Doc. 66). Plaintiff seeks to file an amended complaint adding additional claims for relief pursuant to Kansas state law. Defendant has filed a response in opposition to plaintiff's motion (Doc. 69), to which plaintiff has filed a reply (Doc. 75). The issues are, therefore, fully joined and ripe for decision.

**Discussion**

Fed. R. Civ. P. 15 governs the amendment of pleadings in civil litigation. Fed. R. Civ. P 15(a) provides that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.[1]

Plaintiff's application to amend is not permitted as a matter of course since it was not filed until after Defendant served its responsive pleading. Thus, the application to amend may only be granted by leave

---

[1] Fed. R. Civ. P 15(a).

of court or by written consent by the Defendant. Because Defendant opposes this amendment, the application to amend may only be granted by leave of court.

"[T]he granting of a motion to amend is within the discretion of the court,"[2] and leave shall be "freely given when justice so requires."[3] "In determining whether to grant leave to amend, the court may consider such factors as undue delay, the moving party's bad faith or dilatory motive, the prejudice an amendment may cause the opposing party, and the futility of amendment."[4]

In this instance, defendant opposes plaintiff's motions on the bases that it continues to assert federal claims, which were previously dismissed by the court, and that plaintiff's proposed amendment would expand the litigation and create an unfair burden upon defendant to defend against the expanded claims.

Turning first to defendant's objection regarding the inclusion of plaintiff's federal claims, Plaintiff responds that these claims are only included in the amended complaint to preserve issues related to their prior dismissal for possible future appeal. Plaintiff acknowledges that the prior dismissal of these federal claims remains effective to remove them as issues in this litigation. The court agrees that there is no attempt being made at revival of the previously dismissed claims and will allow them to be included in the amended complaint for purposes of preservation of issues for future appeal.

---

[2] *Schmitt v. Beverly Health & Rehab. Servs., Inc.*, 993 F. Supp. 1354, 1365 (D.Kan. 1998).

[3] Fed. R. Civ. P. 15(a).

[4] *Schmitt v. Beverly Health & Rehab. Servs., Inc.*, 993 F. Supp. 1354, 1365 (D.Kan. 1998).

With regard to defendant's second objection, that plaintiff's proposed amendment would unfairly burden defendant, the court construes this objection to be a claim of unfair prejudice by defendant. "Prejudice under Rule 15 'means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party.'"[5] Defendant argues that it will be prejudiced by Plaintiff's proposed amendment, because "inclusion of such claims will significantly add to the expense of defense in this matter irrespectively as to the likelihood of plaintiff being able to prevail on any of these claims."[6] However, this is not sufficient for a showing of prejudice required by Fed. R. Civ. P. 15.[7]

The claims plaintiff seeks leave to add all arise from the context of the same legal representation of plaintiff by defendant that was already the subject of plaintiff's claims in his original complaint. In his original complaint, plaintiff alleged state law claims against defendant for "negligence in committing of common law tort violations and breaches of contractual elements by establishing her established duty of care. . . in a willful, knowing, malicious, fraudulent, felonious and wanton manner. . . ."[8] In his proposed amended complaint, plaintiff clarifies and expands his claims to allege "breach of contract, malpractice, breach of duty owed, fraud, U.S. Mail fraud, conspiracy, negligence, wantonness, deceptive and unconscionable acts, billing for services no rendered, maliciousness, false billing, carelessness, double

---

[5] *Lange v. Cigna Individual Fin. Servs. Co.*, 759 F. Supp. 764, 770 (D.Kan. 1991).

[6] Defendant's Response to Plaintiff's Motion and Brief Seeking Leave to Amend (Doc. 69), at ¶ 3.

[7] *See Compu-Blend Corp. v. Phillips 66 Co.*, No. 87-2215-0, 1988 U.S. Dist. LEXIS 11318, at *4 (D. Kan. Sept. 12, 1988).

[8] Complaint (Doc. 1), at p. 13.

billing, malfeasance, breach of oath, and failure to afford a reasonable standard of care and legal representation that is common knowledge."[9]

These claims all arise from the same factual background of defendant's legal representation of plaintiff as the prior general claims of "tort violations and breaches of contractual elements," and the court finds that inclusion of these rephrased, clarified, and expanded claims will unduly expand the scope of this litigation. Because of the factual nexus between the new claims and the prior claims, any discovery previously undertaken should continue to be meaningful with regard to the new claims, and to the extent that further discovery is required as a result of the new claims, the court is prepared to allow limited additional time for completion of further discovery.

As the court does not find that plaintiff's proposed amendment will result in any specific undue prejudice to defendant and can cure such prejudice as might result by providing limited additional time for discovery, the court finds that plaintiff's motion for leave to file an amended complaint (Doc. 66) shall be granted. The court will direct the clerk's office to re-file plaintiff's proposed amended complaint, attaches as an exhibit to his motion to amend, as his amended complaint in this matter. Service will be effected upon defendant by electronic means, as provided by D. Kan. Rule 5.4.9, upon the filing of plaintiff''s amended complaint in the court's CM/ECF system by the clerk's office. Defendant shall be directed to file and serve her answer to plaintiff's amended complaint on or before March 23, 2006. The court will convert the telephonic final pretrial conference in this matter, currently scheduled for March 13, 2006, to a status conference with the parties by telephone. At this status conference, the court anticipates addressing any

---

[9] Proposed Amended Complaint (attached as Ex. 1 to Doc. 66), at ¶ 18.

issues relating to additional discovery sought by the parties in this matter and setting a schedule for the completion of remaining pretrial activities.

**IT IS THEREFORE ORDERED:**

1. That plaintiff's motion to amend complaint (Doc. 66) is hereby granted.

2. That the clerk's office is directed to re-file plaintiff's proposed amended complaint, attaches as an exhibit to plaintiff's motion (Doc. 66), as plaintiff's amended complaint in this matter.

3. That defendant shall file and serve her answer to plaintiff's amended complaint on or before **March 23, 2006**.

4. That the telephonic final pretrial conference currently scheduled for **March 13, 2006, at 10:30 a.m.**, is hereby converted to a telephonic status conference for the purpose of discussing any remaining discovery issues and establishing a schedule for completion of remaining pretrial activities in this matter.

**IT IS SO ORDERED.**

Dated this 10th day of March, 2006, at Topeka, Kansas.

                                                      s/K. Gary Sebelius
                                                      K. Gary Sebelius
                                                      U.S. Magistrate Judge