## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

NATHANIEL W. ELLIBEE,

                 Plaintiff,

v.                                                    Case No. 03-3463-JAR

AUTUMN L. FOX,

                 Defendant.

### ORDER

This matter comes before the court on plaintiff Nathaniel W. Ellibee's motion for funds to retain an expert witness and/or for the court to appoint an expert witness (Doc. 54). Plaintiff filed a memorandum in support of his motion (Doc. 55). Defendant Autumn L. Fox submitted an untimely response to plaintiff's motion (Doc. 70). Pursuant to D. Kan. Rule 6.1(d) any response to plaintiff's motion was required to be filed within 14 days of the motion. Because the defendant's response was untimely filed, the court will not consider it.[1] The court has reviewed plaintiff's motion and is now prepared to rule.

**Background**

On December 5, 2003, plaintiff filed a complaint against defendant Fox, Judge Benjamin J. Sexton, and Assistant Geary County Attorney John H. Taylor (Doc. 1). On March 5, 2004, the complaint was

---

[1] In addition to plaintiff's motion and memorandum, and defendant's response, plaintiff has filed a reply to defendant's response (Doc. 74). Plaintiff has also filed a memorandum supplying additional supplemental authority (Doc. 84), to which defendant has responded (Doc. 85). While the court has reviewed all the parties' filing on this issue prior to this decision, because defendant's response was filed out of time without leave, the court did not rely upon the arguments raised therein and, therefore, also did not make use of plaintiff's reply. Similarly, because plaintiff's memorandum supplying supplemental authority was submitted outside the normal briefing process without leave, the court did not rely upon it, or defendant's response to it, in reaching the decision of this issue.

dismissed in its entirety (Doc. 4).  Subsequently, the dismissal of plaintiff's claim for damages for the alleged malpractice of defendant Fox was set aside (Doc. 15).  Plaintiff proceeds in this action against defendant Fox for alleged legal malpractice.  Plaintiff appears *pro se* and was granted permission by this court to proceed *in forma pauperis* on August 15, 2005 (Doc. 50).  On September 12, 2005, plaintiff filed the instant motion (Doc. 54).

Plaintiff asks the court to provide funds for an expert witness or for the court to appoint an expert witness to establish the standard of care and causation concerning his claim of legal malpractice.  Plaintiff requests that the court either advance all fees and expenses of a court-appointed expert witness or to require defendant to advance all such fees.  Plaintiff suggests that any funds advanced or costs incurred in appointing an expert would be recovered as costs at the conclusion of the case.

**Discussion**

Section 1915 of Title 28, United States Code, the *in forma pauperis* statute, permits the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."[2]  Section 1915 makes no mention of providing funds to retain an expert witness, although it specifically provides for the court to issue and serve process on witnesses.[3]  The Supreme Court has held that the expenditure of

---

[2] 28 U.S.C. § 1915(a)(1).

[3] *See* 28 U.S.C. § 1915(d):

The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.

2

public funds on behalf of an indigent litigant is only proper when authorized by Congress.[4]  The statutory language does not authorize the court to provide funds to an indigent party to retain an expert witness.  For this reason, the court finds that the *in forma pauperis* statute does not permit the court to provide funds for an expert witness on behalf of an indigent defendant.[5]

The *in forma pauperis* statute, however,  is not the only source of authority under which a court may appoint an expert witness.[6]  The court also has discretion to appoint an expert witness under Fed. R. Evid. 706(a).[7]  Fed. R. Evid. 706(a) provides that "the court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations."[8]  The cost of such an expert "shall be paid by the parties in such proportion and at such time as the court directs, and thereafter charged in a like manner as other costs."[9]

The plain language of Fed. R. Evid. 706(b) permits the court to require one or both parties to pay the entire cost of an expert.  Furthermore, the court may require the payment of expert fees in advance.[10]  While the court is permitted to appoint an expert witness under Fed. R. Evid. 706, such appointment is

---

[4] *United States v. MacCollum*, 426 U.S. 317, 321 (1976).

[5] *See Pedraza v. Jones*, 71 F.3d 194, 197 (5th Cir. 1995).

[6] *Id.* at 197 n. 5.

[7] *Id.*

[8] Fed. R. Evid. 706(a).

[9] Fed. R. Evid. 706(b).

[10] *Id.*

3

within the discretion of the court.[11]  "Generally, if scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue, a court will utilize expert witnesses."[12]  "The determination to appoint an expert rests solely in the  Court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the Court's need for a neutral, expert view."[13]

In this instance, plaintiff seeks appointment of an expert witness to establish the standard of care and causation concerning his claim of legal malpractice brought pursuant to Kansas state law.  Under Kansas law, while "[e]xpert testimony is generally required and may be used to prove the standard of care by which the professional actions of the attorney are measured and whether the attorney deviated from the appropriate standard [, t]here is a common knowledge exception to the rule requiring expert testimony in malpractice cases."[14]  "Expert testimony is not necessary where the breach of duty on the part of the attorney, or his failure to use due care, is so clear or obvious that the trier of fact may find a deviation from the appropriate standard of the legal profession from its common knowledge."[15]

In his amended complaint in this matter, with regard to his state law claims, plaintiff alleges, *inter alia*, that defendant disobeyed his specific directions, engaged in activities on his behalf without

---

[11] *Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997).

[12] *Id.* at 358-59.

[13] *Pabon v. Goord*, No. 99 Civ. 5869 (WHP) (THK), 2001 U.S. Dist. LEXIS 10685, at *3 (S.D.N.Y. July 27, 2001) (citing *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997)).

[14] *Leeper v. Schroer, Rice, Bryan & Lykins, P.A.*, 241 Kan. 241, 246, 736 P.2d 882, 886 (1987) (quoting *Bowman v. Doherty*, 235 Kan. 870, 686 P.2d 112) (1984)).

[15] *Id.*

authorization, and billed him in a manner inconsistent with their agreement underlying the representation. These do not appear to the court to present issues that would require the use of expert testimony to aid the trier of fact.  Rather, plaintiff's allegations, if substantiated, appear to the court to present a circumstance where "the trier of fact may find a deviation form the appropriate standard of the legal profession from its common knowledge."[16]

Because plaintiff's claims are straightforward, do not present any complex matters for determination, and are of the type of professional conduct that Kansas law permits to be evaluated by common knowledge without the use of expert testimony, the court concludes that it should not exercise its discretion to appoint an expert in this matter pursuant to Fed. R. Evid. 706.

**IT IS THEREFORE ORDERED** that plaintiff's motion for funds to retain an expert witness and/or for the court to appoint an expert witness (Doc. 54) is hereby denied.

**IT IS SO ORDERED.**

Dated this 13th day of March, 2006, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

_____

[16] *Id.*

5