**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

NATHANIEL W. ELLIBEE,           )
                                )
            Plaintiff,          )
                                )
v.                              )     Case. No. 03-3463-JAR
                                )
AUTUMN L. FOX,                  )
                                )
            Defendant.          )

**MEMORANDUM AND ORDER**

This matter comes before the court for consideration of whether to convene a professional malpractice liability screening panel pursuant to K.S.A. § 60-3501 *et seq.* Plaintiff filed his motion requesting the appointment of such a panel, along with a memorandum in support, on March 23, 2006 (Docs. 108 & 109). Defendant filed a response in opposition (Doc. 110), to which plaintiff filed a reply (Doc. 111 ). The issue is, therefore, fully briefed and ripe for decision.

**I.     The Parties' Arguments**

Plaintiff contends that the professional malpractice liability screening panel procedure pursuant to K.S.A. § 60-3502 confers a substantive right that is applicable in a Kansas legal malpractice action brought in federal court on the basis of diversity jurisdiction and requests the court to convene such a panel to consider his claims against defendant.

Defendant argues that the screening panel procedure pursuant to K.S.A. § 60-3502 has questionable applicability to the legal profession, and that, even if applicable, plaintiff's request should be denied in this instance because the convening of a professional malpractice screening panel is discretionary

based on an interpretation of the statute in conjunction with Kansas Supreme Court Rule 142. Defendant further contends that plaintiff's request should be denied in any event because it was made outside the time period of 60 days after defendant was served with process allowed for such requests by Kansas Supreme Court Rule 142(d)(1).

**II.     Discussion**

    *a.     Applicability of K.S.A. § 60-3502 to a Legal Malpractice Claim*

K.S.A. § 60-3502 of the Kansas Statutes Annotated provides that if one party in a professional malpractice liability action files a memorandum with the court requesting a professional malpractice screening panel, the judge shall convene such a panel.[1] Defendant calls into question the applicability of K.S.A. § 60-3502 to legal professionals. In attacking the relevance of the statute, defendant points to the last paragraph of the statute which provides:

> The *state agency which licenses*, registers, certifies, or otherwise is responsible for the practice of any group of professional licensees shall maintain and make available to the parties to the proceeding a current list of professional licensees who are willing and available to serve on the screening panel.[2]

Defendant argues that the language "state agency" exempts legal professionals from the purview of the statute because no state agency is responsible for the licensing, registering, certification of legal professionals, as the legal profession is governed by the Kansas Supreme Court.[3]

---

[1] K.S.A. § 60-3502.

[2] *Id.* (emphasis added).

[3] Ks. Sup. Ct. R. 201(a) provides, "Any attorney admitted to practice law in this state and any attorney specially admitted by a court of this state for a particular proceeding is subject to the

The court is not persuaded by defendant's argument.  K.S.A. § 60-3502 does not specifically address which professionals fall within the ambit of the statute; however, the term "professional licensee" is used throughout the statute.  K.S.A. § 60-3501 defines "professional licensee [as] any person licensed to practice a profession which a professional corporation is authorized to practice . . . ."  Under Article 17 of the Kansas Statutes Annotated, a professional corporation may practice a professional service.  Pursuant to K.S.A. § 60-2707, a "professional service means the type of personal service rendered by a person duly licensed, registered or certified by this state as the member of any of the following professions . . . (3) an attorney-at-law."[4]  Thus, upon examination of K.S.A. § 60-3501 in conjunction with K.S.A. § 60-2707, members of the legal profession are clearly intended to be subject to K.S.A. § 60-3502.

Additionally, in *Roy v. Young*, the Kansas Supreme Court considered the effect of a request for a professional malpractice screening panel upon the statute of limitations in a legal malpractice case and stated: "K.S.A. 2003 Supp. 60-3502 provides that a party may request a screening panel when a *legal malpractice claim* is pending in district court or when it is not."[5]  While the issue of the applicability of the screening panel procedure to a legal malpractice action was not directly challenged in *Roy*, the court's unquestioning discussion of the screening panel procedure in the legal malpractice context provides added confirmation that the procedure does apply to malpractice claims against attorneys.

    *b.*    *Timeliness of Plaintiff's Request for a Screening Panel*

---

jurisdiction of the Supreme Court and the authority hereinafter established by these Rules."

[4] K.S.A. § 60-2707 (b)(3).

[5] *Roy v. Young*, 278 Kan. 244, 252, 93 P.3d 712, 718 (2004) (emphasis added).

Subsection (d)(1) of Kansas Supreme Court Rule 142 provides that "a request for a screening panel shall not be made later than 60 days after defendants are served with process."[6] In this instance, plaintiff's original complaint was filed on December 5, 2003,[7] and service was completed upon defendant Fox when she executed a waiver of service on November 17, 2004.[8] Since plaintiff did not file his motion requesting a screening panel until March 23, 2006 – more than sixteen months later – the court finds his request to be untimely, and it shall be denied for this reason.[9]

Because the plaintiff alleged claims for damages as a result of defendant's purported violations of her professional duty of care in his original complaint, the court does not find that his time to request a screening panel is in any way renewed by his subsequent filing of an amended complaint. As noted above, subsection (d)(1) of Kansas Supreme Court Rule 142 provides that "a request for a screening panel shall not be made later than 60 days after defendants are served with process."[10] The court finds no authority for the proposition that this 60-day time period is in any way renewed by an amendment.

Rather, as noted by the Kansas Court of Appeals in *Sperry v. Eulert*, it appears that in crafting Rule 142 to implement K.S.A. § 60-3502, the Kansas "Supreme Court determined that a party's request

---

[6] Ks. Sup. Ct. R. 142(d)(1).

[7] Doc. 1.

[8] *See* Doc. 24.

[9] Doc. 108.

[10] Ks. Sup. Ct. R. 142(d)(1).

4

for a screening panel needed to occur early in the case."[11]   Moreover, the Kansas Supreme Court has commented that "[t]he legislature's intent in creating the screening panel procedure was to have claimants submit their malpractice claims for resolution, or at least screening, without the expense and delay of litigation.[12]   The court does not see how permitting a renewal of the time period to request a screening panel each time a complaint is amended would further either of these related goals.

While counting the 60-day time period from the date of service of an amended complaint might make sense in a case where the professional malpractice claims to be addressed by the panel arose for the first time as a result of the amendment, such is not the situation presented by the instant case.  Plaintiff's malpractice claims are not new as a result of his amended complaint, and to permit a renewed time period for him to seek a screening panel as a result of his amendment would frustrate Rule 142's purpose of ensuring that a screening panel be utilized early in the life of a case.  As such, the court finds that the filing of plaintiff's amended complaint did not renew his time to request a screening panel under Kansas Supreme Court Rule 142.

   *c.* *Mandatory or Discretionary Nature of Professional Malpractice Screening Panel*

Finally, defendant argues that, notwithstanding the applicability of K.S.A. § 60-3502 to members of the legal profession, pursuant to Kansas Supreme Court Rule 142, courts have discretion whether or not to convene a professional malpractice screening panel.  K.S.A. § 60-3502 provides that if one of the parties in a professional malpractice liability action files a memorandum with the court requesting a

---

[11] No. 92,105, 2005 WL 400442, at **4 (Kan. Ct. App. Feb. 18, 2005) (review denied June 9, 2005).

[12] *Roy v. Young*, 278 Kan. 244, 252, 93 P.3d 712, 718 (2004).

professional malpractice screening panel, the judge of such court *shall* convene such a panel.[13] Facially, the statute contains clear mandatory language. Defendant nonetheless asserts that Kansas Supreme Court Rule 142 alters the mandatory nature of the statute. Kansas Supreme Court Rule 142 provides in part:

> The court *may* convene a medical or professional malpractice screening panel either before or after the filing of a petition in the District Court as provided by K.S.A. 65-4901 et seq. Or K.S.A. 60-3501 et seq."[14]

Defendant contends that "whether or not language in a statute is mandatory or directory should be determined on a case-by-case basis and the criteria as to whether a requirement is mandatory or directory is whether compliance with that requirement is essential to preserve the rights of the parties."[15] Because the court finds that plaintiff did not request the screening panel within the time period required by Kansas Supreme Court Rule 142, the court need not determine the issue of whether the statute is mandatory or discretionary, and it makes no finding on that issue.

Similarly, because the court finds that plaintiff's request does not comply with the timing procedure required by Kansas law, the court need not reach the question of whether a malpractice liability screening panel pursuant to K.S.A. § 60-3501 *et seq.* is available in a professional liability action brought pursuant to Kansas law and pending in federal court pursuant to diversity jurisdiction under 28 U.S.C. § 1332,[16] and the court makes no finding on that issue.

---

[13] K.S.A. § 60-3502 (emphasis added).

[14] Ks. Sup. Ct. R. 142 (emphasis added).

[15] Defendant's Response to Plaintiff's Motion to Convene Professional Malpractice Liability Screening Panel (Doc. 110), at p. 2.

[16] *See* Order Denying Plaintiff's Motion to Reinstate Federal Claims (Doc. 37).

**III.    Conclusion**

Based upon the foregoing, the court concludes that plaintiff's motion to convene a professional malpractice liability screening panel pursuant to K.S.A. § 60-3501 *et seq.* is untimely and shall be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion to convene professional malpractice liability screening panel (Doc. 108) is hereby denied.

**IT IS SO ORDERED.**

Dated this 3rd day of May, 2006, at Topeka Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
